IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| **TRITON IP, LLC,**<br>    a Texas Limited Liability Corporation,<br>            Plaintiff,<br>    v.<br><br>1.  **MICROSOFT CORPORATION,**<br>    a Delaware Corporation<br><br>2.  **ORACLE CORPORATION,**<br>    a Delaware Corporation<br><br>3.  **SIEBEL SYSTEMS, INC.**<br>    a Delaware Corporation<br><br>4.  **SAP AG,**<br>    a German Corporation<br><br>5.  **SAP AMERICA, INC.**<br>    a Delaware Corporation,<br><br>            Defendants. | Civil Action No. 6:06-CV-192-LED<br><br>**JURY DEMANDED** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Triton IP, LLC makes the following allegations against Microsoft Corporation ("Microsoft"), Oracle Corporation ("Oracle"), Siebel Systems, Inc. ("Siebel"), SAP AG ("SAP") and SAP America, Inc. ("SAP America") (collectively the "Defendants").

### PARTIES

1. Plaintiff Triton IP, LLC ("Triton") is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      On information and belief, Defendant Microsoft is a Delaware corporation with its corporate headquarters and principal place of business at One Microsoft Way, Redmond, Washington 98052-6399.  Microsoft is qualified to do business in the State of Texas, Filing No. 10404606, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, 78701 as its agent for service of process.

3.      On information and belief, Defendant Oracle is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Oracle is qualified to do business in the State of Texas, Filing No. 10507206 and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, 78701 as its agent for service of process.

4.      On information and belief, Defendant Siebel is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065.  Siebel is qualified to do business in the State of Texas, Filing No. 11043206 and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

5.      On information and belief, Defendant SAP is a corporation organized and existing under the laws of Germany, with its corporate headquarters and principal place of business at Neurottstrasse 16, Waldorf, Germany 69190.

6.      On information and belief, Defendant SAP America is a Delaware corporation with its corporate headquarters and principal place of business at 3999 West Chester Pike, Newton Square, Pennsylvania 19703.  SAP America is qualified to do business in the State of Texas, Filing No. 9185006, and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Each Defendant has a regular and established place of business in this district, has transacted business in this district and, on information and belief, has committed and/or induced acts of patent infringement in this district.

**INFRINGEMENT OF U.S. PATENT NO. 6,067,525**

9. Triton is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A. The '525 patent duly issued on May 23, 2000.

10. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '525 patent prior to Triton's acquisition thereof, have complied with such requirements.

11. Defendant Microsoft has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including without limitation customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and

services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Microsoft is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. §271.

12. Defendant Oracle has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including without limitation customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Oracle is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. §271.

13.     Defendant Siebel has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including without limitation customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Siebel is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. §271.

14.     Defendant SAP has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including without limitation customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force

automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant SAP is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. §271.

15.     Defendant SAP America has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including without limitation customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant SAP America is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. §271.

16. These Defendants have actively induced and are actively inducing infringement of the '525 patent.

17. As a result of these Defendants' infringement of the '525 patent, Triton has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

18. Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates and all other acting on their behalf from infringing the '525 patent, Triton will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Triton requests that this Court enter:

1. A judgment in favor of Triton that Defendants Microsoft, Oracle, Siebel, SAP and SAP America have infringed, directly and indirectly by way of inducing and/or contributing to the infringement of the '525 patent.

2. A permanent injunction, enjoining Microsoft, Oracle, Siebel, SAP and SAP America and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '525 patent.

3. A judgment and order requiring Defendants Microsoft, Oracle, Siebel, SAP and SAP America to pay Triton damages for Defendants' infringement of the '525 patent, together with interest (both pre- and post- judgment), costs and disbursements as fixed by this Court under 35 U.S.C. §284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. §285 and awarding to Triton its reasonable attorneys' fees; and

5.      Any and all other relief to which Triton may show itself to be entitled.

**TRITON DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                              Respectfully submitted,

                                              **TRITON IP, LLC**

Dated: June 26, 2006                         By: /s/ Danny L. Williams
                                                 Danny L. Williams – Attorney in Charge
                                                 State Bar No. 21518050
                                                 J. Mike Amerson
                                                 State Bar No. 01150025
                                                 Ruben S. Bains
                                                 State Bar No. 24001678
                                                 **Williams, Morgan & Amerson, P.C.**
                                                 10333 Richmond, Suite 1100
                                                 Houston, Texas 77042
                                                 Telephone:  (713)934-4060
                                                 Facsimile: (713) 934-7011
                                                 E-mail:  danny@wma.law.com
                                                 E-mail:  mike@wma.law.com
                                                 E-mail:  rbains@wmalaw.com

                                                 David M. Pridham
                                                 R.I. State Bar No. 6625
                                                 207 C North Washington Avenue
                                                 Marshall, Texas 75670
                                                 Telephone: (903) 938-7400
                                                 Facsimile: (903) 938-7404
                                                 E-mail:  david@ipnav.com

                                                 Eric M. Albritton
                                                 State Bar No. 00790215
                                                 P.O. Box 2649
                                                 Longview, Texas 75606
                                                 Telephone: (903) 757-8449
                                                 Facsimile: (903) 758-7397
                                                 Email: ema@emafirm.com

                                                 T. John Ward, Jr.
                                                 State Bar No. 00794818
                                                 Law Office of T. John Ward, Jr. P.C.
                                                 P.O. Box
                                                 Longview, Texas 75606
                                                 Telephone: (903) 757-6400
                                                 Facsimile: (903) 757-2323
                                                 Email: jw@jwfirm.com

                                                 ATTORNEYS FOR PLAINTIFF
                                                 TRITON IP, LLC

CERTIFICATE OF SERVICE

The undersigned certifies that First Amended Complaint For Patent Infringement was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 26th day of June, 2006.

Dated: June 26, 2006                    /s/ Danny L. Williams